UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTOLIN ANDREW MARKS, <br> 1623 E. J. Street, Suite 5 <br> Tacoma, Washington, <br><br> Plaintiff, <br><br> v. <br><br> JOHN P. TORRES, Director of ICE; <br> JACK BENNETT, AFOD; NEIL <br> CLARK, Field Office Director, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 07-1660 (EGS) |

**DEFENDANTS' REPLY MEMORANDUM**

Defendants respectfully reply to Plaintiff's Opposition to the Defendants' Motion to Dismiss or Transfer (Document 16).[1] Defendants moved to dismiss the complaint filed by Plaintiff, Antolin Andrew Marks, who is proceeding pro se, as frivolous or malicious, pursuant to 28 U.S.C. § 1915(e)(2), and Fed. R. Civ. P. 7 and 8, or, in the alternative, to transfer this case to the United States District Court for the Western District of Washington (Tacoma), pursuant to 28 U.S.C. § 1404(a), and Fed. R. Civ. P. 7 and 8, under well-established principles prohibiting duplicative litigation, and for the convenience of the parties and witnesses and in the interest of justice.[2] Plaintiff first asserted the same claims he asserts in this lawsuit in two actions he brought in the Western District of Washington. Plaintiff's claims arise from his disputes with actions allegedly

---

[1] Plaintiff's opposition brief was entered on the docket for this case on February 27, 2008, and undersigned counsel first received notice of the filing of the brief by ECF notice. This reply is being filed within 5 days of the ECF notice. See LCvR 7(d).

[2] Defendants' motion is not premised on Fed. R. Civ. P. 12; thus none of the bases for dismissal under that rule are hereby waived.

taken by officials of the Seattle Field Office of the U.S. Office of Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security, in connection with his detention, pending deportation hearings, at the Northwest Detention Center in Tacoma, Washington ("NWDC").

Plaintiff opposes the motion to dismiss or to transfer and contends that this case is not duplicative of the claims he asserted in the two related cases he first brought in the Western District of Washington because he has also sued John Torres, as the national director of ICE, in this case for injunctive relief (and not for damages) on a "failure to train" theory, and the dismissal of one of the suits brought in the other jurisdiction is not res judicata because it was dismissed after plaintiff failed to establish his entitlement to proceed in forma pauperis (see Pl's Opp'n Br. at 1). On the contrary, plaintiff's complaint in the instant case should be dismissed because it duplicates the claims in the two related cases plaintiff first brought in the Western District of Washington, and plaintiff should not be rewarded for his failure to notify this Court of the related cases in a timely manner. Nor should plaintiff's choice of venue be given any deference in this case because he first chose to bring the same claims in the other jurisdiction. Furthermore, plaintiff has filed multiple lawsuits in the Western District of Washington and his abuse of the rules of civil litigation are already being monitored in that district by a federal magistrate judge. Accordingly, the case should be transferred to the jurisdiction where the relevant witnesses and records, as well as the detained plaintiff, are located, and in the interests of justice.

**ARGUMENT**

Plaintiff, who is detained at the Northwest Detention Center in Tacoma, Washington, pending deportation proceedings, filed this lawsuit in the District of Columbia, where he has no

connection, to litigate his alleged dispute over a request that the local ICE officials pay for a single mailing of "follow-up" letters to 285 Members of Congress, who did not respond to plaintiff's original letters seeking a private bill, and also over the alleged withholding of certain first-party information relating to his detention. Plaintiff asserted these same claims in the two cases he first brought in the Western District of Washington, where plaintiff is detained, and all relevant witnesses and records relating to these disputes are located. Thus, the Court should dismiss this case as frivolous or malicious under 28 U.S.C. § 1915(e)(2), or, in the alternative, transfer the case to the Western District of Washington, pursuant to 28 U.S.C. § 1404(a).

Plaintiff opposes dismissal or transfer because he did not name John Torres, Director of ICE, as a defendant in the related case captioned as Antolin Andrew Marks v. Jack Bennett, AFOD, and Neil Clark, Field Office Director, Case No. 07-5372 (W.D.Wash.) (Attached as Exhibit B to Defendants' Motion to Dismiss),[3] and that he seeks "injunctive" relief (and not "damages") against Torres in this case based on the allegation that Torres "has failed to adequately train his subordinates, Neil Clark and Jack Bennett" (see Pl's Opp'n Br. at 5; Compl., ¶ 1). Plaintiff also argues that Case No. 07-5372 is not res judicata and was not even filed because his application to proceed in forma pauperis was denied. See id. at 3-4; see also Order attached as Exhibit C, pages 1-2, to Defendants' Motion to Dismiss) ("Plaintiff has not shown that [he] is unable to pay the full filing fee to proceed with his lawsuit.").

Plaintiff's complaint is subject to screening by this Court to determine if it is subject to dismissal under 28 U.S.C.§ 1915(e) because it is frivolous, malicious, or fails to state a claim upon

---

[3] Plaintiff certified that he served the complaint in Case No. 07-5372 on July 18, 2007, and he certified that he served the complaint in the instant case the next day, July 19, 2007.

which relief may be granted.  See, e.g., In re Prisoner Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997).[4]  An in forma pauperis action is "malicious," and therefore subject to dismissal, where the complaint duplicates allegations of another pending lawsuit in another jurisdiction. See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).  A dismissal of this action as frivolous or malicious is appropriate and would be reviewable only for an abuse of discretion.  Denton v. Hernandez, 504 U.S. 25, 31-34 (1992).  Plaintiff first brought the same complaint in the Western District of Washington, and filed an application to proceed in forma pauperis in that case.  Plaintiff did not notify this Court of the duplicate case pending in the other jurisdiction when he filed the instant complaint, although he attempted to notify this Court of the "sister" case for damages he also filed in the Western District of Washington in a footnote in the complaint.[5]   Had plaintiff notified

---

[4] The court must screen prisoner cases against a governmental entity at the initial stage of the litigation under 28 U.S.C. § 1915A, whose language overlaps with the language of 28 U.S.C. § 1915(e), except that the latter provision is "neither restricted to prisoners, nor to cases involving government defendants [and is] applicable throughout the entire litigation process." In re Prisoner Litigation Reform Act, 105 F.3d at 1137.

[5] Plaintiff concedes that he filed a suit for "damages" against ICE employees in the Western District of Washington, and that the instant case is a "suit for an injunction **for: denial of due process guaranteed by the fifth amendment and under the privacy act and the FOIA[] as stated in the complaint's caption**" (Pl's Opp'n Br. At 5) (emphasis in original). The suit for "damages" is the complaint captioned as Antolin Andrew Marks v. Gary Garman, Michael Melendez, Neil Clark, United States of America (United States Immigration and Customs Enforcement), Case No. 07-5282 (W.D.Wash.) (Attached as Exhibit D to Defendants' Motion to Dismiss).  Plaintiff cited the  Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, as the basis for his damage claim in Case No. 07-5282, and further alleged violations of FOIA and the Privacy Act, for the alleged withholding of first-party information requested by Plaintiff and information he requested about others in connection with his pending legal matters  (see Exhibit D).  Plaintiff referred to No. 07-5282 in the complaints filed in No. 07-5372 and the instant complaint, as follows:

> A sister suit was sent for filing days before this one.  That suit targets Melendez and Clark and the United States and seeks damages under the FTCA.  This suit is maintained primarily against the defendants for an injunction rather than for

this Court of the duplicate complaint, as required by LCvR 40.5(b)(2), the Court could have considered dismissal or transfer of thise case at that time. Plaintiff now tries to benefit from his failure to comply with the local rules of this Court. The Court should not reward such lack of candor.[6]

Aside from the identical complaint filed in the Western District of Washington, plaintiff's complaint in the instant case duplicates claims in the "sister case," where plaintiff sued ICE officials, including Defendant Clark, for damages and injunctive relief based on the alleged withholding of information requested under FOIA, and otherwise requested in connection with plaintiff's pending legal matters. Thus, the complaint in this case duplicated the claims for declaratory and injunctive relief brought in Case No. 07-5282 (see n.5, supra).

Even if this Court were to deny the motion to dismiss, the case should be transferred to the Western District of Washington, pursuant to 28 U.S.C. 1404(a), under well-established principles prohibiting duplicative litigation, and for the convenience of the parties and witnesses and in the interests of justice. The general venue statute, 28 U.S.C. § 1391, provides in pertinent part:

> (e) A civil action in which a defendant is an officer or employee of the United States . . . . may, except as otherwise provided by law, be brought in any judicial district in which . . . . (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

---

damages. (Compl.,¶ 58 n.1; Exhibit B, ¶ 50 n.1.)

[6] If this case is transferred to the Western District of Washington, plaintiff is free to challenge any decision to revisit his application to proceed in forma pauperis. Given that plaintiff is detained in that jurisdiction and his relevant financial information is more accessible there, it is in the interest of judicial efficiency to have any litigation relating to plaintiff's in forma pauperis status litigated there, and avoid the inconsistent results that already occurred in this case.

28 U.S.C. § 1391(e). Clearly, this case could have been brought in the Western District of Washington under 28 U.S.C. § 1391(e) because all disputed events or omissions giving rise to plaintiff's alleged claims took place there in connection with his detention at the NWDC in Tacoma, Washington.

Although "[c]ourts ordinarily accord significant deference to a plaintiff's choice of forum . . . many cases in this Circuit recognize that plaintiffs that neither reside nor have a substantial connection to their chosen forum, are entitled to less deference." Sierra Club v. Van Antwerp, 523 F.Supp.2d 5, 11 (2007) (citations omitted). When a genuine choice of venue exists, the court has broad discretion to adjudicate a motion to transfer "according to [an] individualized, case-by-case consideration of convenience and fairness." Id. (citations omitted). Not only could plaintiff, who has no connections to this jurisdiction, have filed this action in the Western District of Washington, he did file it there. Plaintiff's choice of venue in this jurisdiction should therefore be afforded no deference by this Court

Plaintiff's contention that venue is proper in this jurisdiction because he sued John Torres, Director of ICE, who is based in Washington, D.C., on a failure to train ICE employees in the Seattle Field Office is unavailing. Because the declaratory and injunctive relief sought in this case can only be pursued against these federal defendants in their official capacities, the issues can be resolved in Washington State. Accordingly, all challenged actions in this case were taken in the Western District of Washington, and therefore venue is proper there because "a substantial part of the events or omissions giving rise to the claim" occurred in that jurisdiction. Plaintiff must obtain the relief he seeks by pursuing his declaratory and injunctive relief claims against the officials whose actions he claims are contrary to ICE regulations and policies.

Nor is transfer to the Western District of Washington inappropriate based on plaintiff's contention that the disposition of one of the duplicate cases filed in that jurisdiction is not <u>res judicata</u>. As the Supreme Court recognized in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976), "[a]s between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." Thus, unlike the doctrine of issue preclusion, the first-filed rule does not require a precise identity of issues; rather, as both the U.S. Supreme Court and the D.C. Circuit repeatedly have held, the first-filed rule is a doctrine of equity that cannot be applied mechanically. <u>See</u>, <u>e.g.</u>, <u>Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.</u>, 342 U.S. 180, 183 (1952); <u>Columbia Plaza Corp. v. Secuity Nat'l Bank</u>, 525 F.2d 620, 627 (D.C. Cir. 1975).

Accordingly, claims and parties need not be identical for this principle of avoiding duplicative litigation to apply. "District courts are accorded 'a great deal of latitude and discretion determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" <u>Serlin v. Arthur Andersen</u>, 3 F.3d 221, 223 (7th Cir. 1993). The application of these principles to this action and the two cases filed in the Western District of Washington demonstrates that plaintiff's complaint in this case is duplicative of his claims in those cases. Thus, even if there has been a disposition in one of the cases, No. 07-5372, plaintiff's claims in this case duplicate parties and issues in the other case, No. 07-5382. Finally, in addition to the factors discussed above, plaintiff has filed multiple lawsuits in the Western District of Washington and his abuse of the rules of civil litigation are already being monitored in that district by Magistrate Judge Arnold, who is handling a number of plaintiff's cases filed in that jurisdiction. Accordingly, the obvious interests in efficient utilization

of judicial resources counsel in favor of transfer. The Court should therefore exercise its broad discretion and transfer this case to the Western District of Washington.[7]

WHEREFORE, for the foregoing reasons, and those stated in our moving papers, Defendants request that this Court dismiss the present action as frivolous or malicious or, in the alternative, transfer the case to the Western District of Washington, and stay further proceedings until the case is transferred.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division , Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

---

[7] Finally, transfer is also appropriate under 28 U.S.C. § 1404(a) and the decision in Starnes v. McGuire, 512 F.2d 918, 925 (D.C. Cir. 1974) (en banc). In Starnes, the U.S. Court of Appeals for the District of Columbia Circuit recognized that federal prisoner litigation, while perhaps technically permissible in the D.C. venue, may be more conveniently litigated in the prisoner's district of confinement. Because Plaintiff is an alien incarcerated pending the outcome of deportation proceedings, these same factors are relevant to consideration of this motion to transfer.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

ANTOLIN ANDREW MARKS
A 34 316 600
1623 East J Street, Suite 5
Tacoma, Washington 98421

on this <u>5th</u> day of March, 2008.

                                                    ____/s/_____
                                                    JOHN G. INTERRANTE
                                                    Assistant United States Attorney