1  Antolin Andrew Marks
   1623 E. J. Street, Suite 5
2  Tacoma, Washington 98421

                    **RECEIVED**

                    APR 0 7 2008

           NANCY MAYER WHITTINGTON, CLERK
                  U.S. DISTRICT COURT

3

4                 UNITED STATES DISTRICT COURT

5            IN AND FOR THE DISTRICT OF COLUMBIA

                          Case No.:  07-1660 EGS
6  Antolin Andrew Marks,        **EXHIBITS THAT SHW THAT THE**
                                **DEFENDANT'S ACTIONS ARE**
7  Plaintiff,                   **CONTINUING AND THAT THERE IS A**
                                **SEVERE LACK OF TRAINING AT NWDC**
8  vs                           **AND THIS IS CAUSED BY JOHN P.**
                                **TORRES LACK OF TRAINING HIS**
9  John P. Torres, Director of ICE  **OFFICIALS**

10 Jack Bennett, AFOD

11 Neil Clark, Field Office Director

12 Defendant
   _____
   *The Exhibits that are attached to this document are as follows:*
13
   *Exhibit A: Declaration of Erick Hernandez with Attachments.*
14
   *Exhibit B: Declaration of Mukesh Singh, with Attachments.*
15
   *Exhibit C: Declaration One of Mukesh Singh, With Attachments.*
16
   *These Declarations establish the fact that the detainees rights are being*
17
   *violated and that their mail is being infiltrated by the ICE Personnel and*
18
   *their contractors with impunity in clear contravention of the Rules set forth*
19
   *by the Agency and in clear contravention of the law as set forth by the*
   *United States Constitution.*
20
   *These items are for use in all purposes before this Court.*
21
   *I attest that these are true documents under the penalty of perjury of the*
22
   *laws of the United States.*
23
   *Submitted on the date of 4-2-08*
24

25 *Antolin Andrew Marks*

PROOF OF SERVICE

&

**DECLARATION**

I, Antolin Andrew Marks, AVER THAT I AM  A PARTY TO THIS ACTION
DO HEREBY AVER THAT I HAVE PROVIDED A COPY OF THE FOREGOING
DOCUMENT:

**EXHIBITS THAT SHW THAT THE DEFENDANT'S ACTIONS ARE CONTINUING
AND THAT THERE IS A SEVERE LACK OF TRAINING AT NWDC AND THIS IS
CAUSED BY JOHN P. TORRES LACK OF TRAINING HIS OFFICIALS**

**John Interante
UNITED STATES ATTORNEY GENERAL
801 I STREET, N.W. SUITE 900
WASHINGTON, D.C. 20036**

THE ITEMS WERE MAILED FIRST CLASS MAIL ON THE DATE BELOW. Under

the penalty of perjury of the laws of the United States.

SUBMITTED ON 4-2-08

Antolin Andrew Marks

_____

# EXHIBIT COVER PAGE

# EXHIBIT 

U.S District Court

In and For    D.C.


Antolin Marles        87-1660 EGS

John P. Torres

Declaration of

Erick Hernandez

I here testify under the

penalty of perjury as to the

facts asserted here in.

1. I am a detainee of NWDC
run by Ice with Geo.

2. On the date of 3-28-08
I was questioned by Geo
about the items discussed
here in and the attached Memo

3. On or about 3-16-08 I was asked by Antolin Marks to send out an invoice to Abdoulaye Diallo by U.S. mail.

4. This request was made to prove that ICE and GEO are scrutinizing the mail of detainees, especially Antolin Marks.

5. I placed the invoice into the envelope and I sealed the envelope per ICE policy.

6. I placed a stamp on the envelope and I deposited the letter into the U.S. mail box.

7. On 3-28-08 I was called by ICE/GEO staff and I was shown that they had opened the piece of mail outside my presence.

8. I was questioned as to whether I was paying Antolin

Marks for his assisting me.

9. I rejected that assertion as the mail was sent to prove that ICE and 6ed were violating the detainees rights under ICE policy.

10. I declare that I did not pay Antolin Marks for any thing whatsoever.

11. I testify that I felt threatened and harassed by the actions of 6ed and ICE.

12. I testify that the letter should never have been opened by ICE / 6ed.

13. I testify that my intent was that the letter proceed under the written policy of ICE.

14. I testify that my mail is important to me and I

must rely upon Ice and Geo
to obey their policy.

15  I feel my rights have
been violated by Ice and
Geo.

I testify to these facts
under penalty of perjury
of the laws of the United States
and I further certify that
I have never paid Antolia
Merks for any purpose and
I feel utterly harassed.

Dated 3-20-08

Erick Hernandez

# MEMORANDUM



**The GEO Group, Inc.**

**Northwest Detention Center**
1623 East J Street
Tacoma, WA 98421

Date:     March 27, 2008

www.thegeogroupinc.com

To:       Record
cc:       Detainee File, Hernandez A41-431-973  *(C-2)*

From:     G. C. Wigen, Warden

**RE:     SUSPICIOUS MAIL**

The attached mail was referred to my attention by Ms. Nelson, Mail Room Clerk, for suspicion of contraband. Upon examination of the said mail, it appeared that contraband might be present. I opened the mail and discovered that it did contain contraband. This matter has been referred to Associate Warden Sadler for further investigation.

Erick Hernandez
A# 41731973
1623 East S Street Suite 5
Tacoma, WA 98421

Aboulaye Diallo
2450 S. 216st. #228
Des Moines, washington
98198



# EXHIBIT COVER PAGE

# EXHIBIT _____

U. S. District Court

In and For    D.C.

Antolin Marks          07-1660 EGS
        v

John P. Torrez

        Declaration of

            MUKESH SINGH.

Declaration    One

1. I, Mukesh singh, do hereby

attest that the following is the

truth under the penalty of

Perjury of the laws of the United

States.

2. I write this Declaration because ICE and Geo have been violating their rules and the rights of detainees by opening and reading legal mail outside the presence of detainees in contravention of written policy.

3. My legal mail that was incoming from my attorney was opened by ICE and Geo at NWDC on or about 8/21/07.

4. My letter was clearly identified as legal mail as is shown on Exhibit A where it clearly shows a FED EX Envelope showing "Law offices of Martin Resendez Gugardo.".

5. I waited for this letter for several days. as the letter was mailed on 8-14-07 by my attorney.

6. On 8-21-07 I presented a Kite to ICE/Geo regarding the whereabouts of my mail.

7. On 8-22-07 I received Exhibit B signed by Geo Employee D. Nelson citing that my legal mail had been given to ICE.

8. On 8-22-07 I also received Exhibit C, a Memo / Information Report from D. Nelson where in she admits the letter was opened by ICE outside my presence

9. On 8-22-07 Exhibit C also cites that ICE opened the envelope because they believed the envelope contained a passport.

10. However, Exhibit D clearly shows on Page 3 ICE's Attorney admitting that my passport was received by ICE on January 17, 2007 a whole seven months earlier Therefore the memo / incident report and kite responses by ICE and Geo are all lies.

11    I attest that Ice policy states that legal mail shall not be opened outside the presence of the detainee.

12.   I spoke to Antolin Marks on or About March 16, 2007 and he informed me about his suit.

13    Marks. informed me that Ice and Geo not only read the legal mail, but that they also read the material produced in the legal library by detainees and read all copies submitted for copying which is why this is hand written

14.   I testify that I was not present when this letter was opened;

15    I testify that this is emblemic of ICE's behavior at nwdc.

16.   I testify that on 3-16-08

I was informed by Antolin Marks that if an invoice was put into the mail ICE and Geo will open the letter outside of my presence.

17. I testify that my second Declaration attached here provides the fact that the envelope was opened outside of my presence.

18. I testify that the only item in the envelope was the invoice and there was no contraband.

19. I testify that there is no rule by Ice that invoices are contraband.

20. I testify that Ice and Geo violated my rights deliberately.

Under the penalty of perjury I subscribe the foregoing to be absolutely true
3/28/08    Mufesh Sing.

# EXHIBIT COVER PAGE

# EXHIBIT 

Insert
airbill
here

FedEx | Ship Manager | Label

From:   Origin ID: APCA   (415)398-3852
Alejandra Flores
Law Office of Martin Guajardo
555 Clay Street

San Francisco, CA 94111

SHIP TO:   (253)779-6066                    BILL SENDER
Mukesh Singh

BICE Custody
1623 East J Street, Suite 5
Tacoma, WA 98421

FedEx
Express
E

Ship Date: 14AUG07
ActWgt: 1 LB
System#: 9040478/INET7061
Account#: S *******

Delivery Address Bar Code

Ref # 80004
Invoice #
PO #
Dept #

TRK# [0201]  7996 9338 1732

WED - 15AUG                A2
PRIORITY OVERNIGHT

FedEx
TRK# [0201] 7996 9338 1732

WV-TCMA

FRI - 17 AUG   A2
PRIORITY OVERNIGHT

SEA
WA-US
98421

Emp # 785479 16AUG/w7  S/OA

08/14/2007 05:03 PM

# EXHIBIT COVER PAGE

# EXHIBIT 

\#_____

**Detainee Request Form
(Solicitacion de Detenido)**

Northwest Detention Center

| Alien Number (Numero de Extranjero): | Detainee Name (Nombre de Detenido): |
|---|---|
| A 73 - 218 - 766 | MUKESH SINGH |

| Living Unit (Dormitorio): | Bunk Number (Numbre Iitera): | Date (Fecha): |
|---|---|---|
| D # 2 | 208 - C | 8-21-07 |

**Type of Request:** [ ] ICE (Immigracion) [X] Mail (Correo) [ ] Property (Propiedad) (NELSON)

[ ] Emergency Phone Call (Emergencia Telefono) [ ] Recreation (Recreacion)

[ ] Finance (Dinero) [ ] Work Request (Trabajo Soicitacion) [ ] Commissary (Commisara)

[ ] Classification Appeal (Classificacion) [ ] Food (Comida) [ ] Other (Otro)

**Request (Solicitacion):** I SPOKE TO MY LAWYER SEVERAL
TIME AND I WAS INFORMED THAT OFFICER SCHWEIN
SIGN FOR A FEDEX LETTER ON 08-17-07 AT
10:00 A.m. I WILL LIKE TO KNOW WHAT
HAPPEN TO MY MAIL, I AM SUPPOSE TO TAKE
IT TO THE COURT.                    THANK YOU.

_____
Detainee Signature (Firma Detenido)

**Response:** *The package was mistakenly picked up by
ICE and opened by ICE Officer Penaloza. The
packet was turned over to Northwest Detention Center
mail clerk 8-21-07. See attached information.
We regret the delay in delivering this mail to you.*

Nelson, D.                    8-22-07
Staff Signature              Date

# EXHIBIT COVER PAGE

# EXHIBIT <u>          </u>

Northwest Detention Center
Tacoma, Washington

## Information Report

To: (Supervisor) Mr. McBurney      Page ___1___ of ___1___

From: D. Nelson ___ Date: 8/21/07 Time: 1415 Location: Admin.

Subject: Legal Mail / Opened by ICE    Information Report Number: 07-746

Persons Involved: 1. Mukesh Singh (D-2) 2. ICE Officer Penaloza 3. D. Nelson, Mail Clerk
(A# 73218760)

Narrative:
On approximately 8/17/07 a Fed Ex package arrived at Northwest
Detention Center, addressed to Mukesh Singh, BICE Custody, 1623
East J St., Ste. 5, Tacoma, WA 98421. The package was sent by
the Law Office of Martin Guajardo, 555 Clay St, San Francisco 94111.
The package was delivered to ICE for handling, and opened by
Officer Penaloza. Penaloza opened the package because it was
addressed to BICE Custody; his expectation was that the package
possibly contained the detainee's passport. He on Officer Penaloza
inspected the contents briefly in search of a passport and returned
the complete contents to the mailer packet. Officer Penaloza
brought the package to mail clerk in Administration office at
approximately 1400 hours on 8/21/07. Officer Penaloza asked that mail
clerk document circumstances of open package and deliver package to detainee.

Officer Print Name: NELSON, D.    Officer Signature: D. Nelson

Action Taken:

Supervisor Print Name:      Signature:      Date:

CC: Warden / Associate Warden    Captain    Disciplinary Lieutenant    ICE

     Classification / Records    Business Office (as appropriate)

021506

# EXHIBIT COVER PAGE

# EXHIBIT 

District Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUKESH SINGH
(Agency #73-218-766),

                      Petitioner,

                  v.

MICHAEL CHERTOFF, et al.,

                    Respondents[1] .

No.  C07-01396-JLR-MAT

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

(Note on Motion Calendar for
Consideration on March 28, 2008,
Pursuant to Local Rule 7(d)(3))

## INTRODUCTION

In the Report and Recommendation, the Magistrate Judge found that Immigration
and Customs Enforcement ("ICE") failed to adhere to its custody review procedures by
making a decision regarding Petitioner's custody status without reviewing documentation
submitted by Petitioner in support of his release.  It appears, however, that this finding
was based on an inaccurate representation made by the undersigned counsel for
Respondents.  In Respondents' Return Memorandum and Motion to Dismiss,
Respondents represented to the Court that Petitioner had submitted documentation in
support of his release prior to the May 1, 2007 custody review.  But upon closer review, it
appears that these documents were not actually received by ICE until August 2008, when
they were attached as an exhibit to Petitioner's habeas petition.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), newly appointed Attorney General Michael
Mukasey, should be substituted for Alberto Gonzales as a Respondent.

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 1
(C07-01396-JLR-MAT)

1    Thus, ICE did not simply ignore documentation submitted by Petitioner. Rather,

2    ICE properly considered the record and all of the documentation it had at the time of

3    Petitioner's custody review. The record showed that during his removal proceedings,

4    Petitioner had previously been released on bond, but had breached that bond and

5    remained at large for nearly one year before ICE apprehended him again. Thus, ICE

6    properly found that Petitioner should remain detained because he posed a significant

7    flight risk.

8        Because the Magistrate Judge found that ICE ignored documentation submitted by

9    Petitioner, and he did not receive a proper review of his eligibility for release on bond,

10   she recommends that Petitioner be given a bond hearing before an Immigration Judge.

11   But the evidence actually does not support a finding that ICE simply ignored

12   documentation. Thus, a bond hearing is not constitutionally required in this case. Rather,

13   the case should be remanded to ICE to complete a new custody review, and to consider all

14   documentation submitted by Petitioner in support of release. ICE has already undertaken

15   the process of completing a new custody review that will consider the documentation

16   attached to Petitioner's habeas petition, as well as any other materials Petitioner submits

17   in connection with the custody review. Petitioner will be afforded due process and a bond

18   hearing before an Immigration Judge is not required.

19       Lastly, Respondents respectfully object to the Magistrate Judge's finding that

20   Petitioner is being detained pursuant to INA § 236, rather than INA § 241.

21   **I.    ICE Did Not Violate Its Custody Review Procedures by Failing to Consider Documentation.**

22

23       In Respondents' Return Memorandum and Motion to Dismiss, filed on October 9,

24   2007, the undersigned counsel set forth the facts regarding the custody review performed

25   by ICE in this case (Dkt. #8, pg. 4). The statement of facts was supported by a copy of

26   Petitioner's Administrative File ("A-File"), filed with the Court the same day (Dkt. #9).

27   The Memorandum represented that Petitioner had submitted documentation in response to

28   the notice of custody review as follows:

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 2
(C07-01396-JLR-MAT)

1
2
3
4
5
6
7

> On February 15, 2007, a post-order custody review was
> initiated by ICE (R157). Petitioner's custody status was scheduled to
> be reviewed on or about May 1, 2007 (R157). Petitioner was given
> notice of the custody review and advised that he could submit any
> documentation he wished to be reviewed in support of his release
> (R157, 161). Through counsel, Petitioner submitted documentation
> including family photographs, birth certificates, income tax returns, a
> business license, mortgage statement, letters from medical personnel,
> as well as numerous letters of recommendation (R101-155).
> Petitioner's family offered to post bond in the amount of $50,000.00
> to secure his release (R159). The post-order custody review was
> conducted by a Deportation Case Officer (R68-76).

(Dkt. #8, pg. 4).

8
9

But the undersigned counsel incorrectly assumed that the documentation contained

10

in Petitioner's A-File was actually submitted and received by ICE prior to the custody

11

review. A closer examination of the A-File reveals that the documentation counsel cited

12

to above (R101-155), is only found in one place in Petitioner's A-file, as an exhibit to

13

Petitioner's August 30, 2008 habeas petition - the last document in the A-File (R101-

14

184). There is no indication that the documentation in support of Petitioner's release was

15

actually submitted to ICE, or received by ICE, prior to the May 1, 2007 custody review.

16

In fact, the A-File reveals that it was not received prior to the custody review.

17

Although the cover-letter to the documentation is addressed to ICE Office of

18

Detention and Removal, and is dated March 1, 2007 (R-159), there is no indication that it

19

was ever received by ICE, other than as an exhibit to the August 30, 2008 habeas petition.

20

The cover-letter is from the Law Office of Martin Resendez Guajardo of San Francisco,

21

California (R-159). The A-File confirms that ICE received two documents from this law

22

firm prior to the May 1, 2007 custody review, but neither document received was the

23

March 1, 2007 letter and supporting documentation. Rather, a certified letter was

24

received by ICE from this law firm on or about January 17, 2007, with a passport (L451-

25

458). And a fax was received by ICE from this law firm on or about February 13, 2007,

26

with a copy of a Petition for Review and Motion for Stay of Deportation (L411-417).

27

The A-File confirms that no other documentation was received from this law firm prior

28

to, or after, the May 1, 2007 custody review.

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 3
(C07-01396-JLR-MAT)

1    Furthermore, it does not appear that ICE ever had a record of this law firm

2    representing Petitioner.  The attorney of record for Petitioner at the time of the custody

3    review was the Law Office of Bart Klein (R76; 80-83), which is where ICE mailed

4    Petitioner's Notice of Continued Detention in June 2007 (R83).  The A-File confirms that

5    the Law Office of Bart Klein represented Petitioner as early as August 1999, during his

6    initial removal proceedings (L35), and Mr. Klein's office continued to represent

7    Petitioner through his appeal with the BIA in March 2001 (L386-393).  Although ICE

8    received some documentation from the Law Office of Martin Resendez Guajardo, the

9    only Notice of Appearance in Petitioner's A-File is from Mr. Klein's office (L35).  Mr.

10   Guajardo's Notice of Appearance only appears in the exhibits to the habeas petition

11   (R158).  The fact that ICE indicated on the custody review worksheet that Petitioner was

12   represented by the Law Offices of Bart Klein (R76), and ICE mailed the Notice of

13   Continued Detention to the Law Office of Bart Klein in June 2007 (R80-83), support the

14   conclusion that ICE did not receive the documentation from Mr. Guajardo's office prior

15   to completion of the custody review.

16       Thus, contrary to the prior assumption by the undersigned counsel, it does not

17   appear that the letter from Mr. Guajardo dated March 1, 2007, and the supporting

18   documentation, was received by ICE prior to the May 1, 2007 custody review.  Thus, the

19   Magistrate Judge's finding that ICE failed to adhere to its custody review procedures by

20   making a decision regarding Petitioner's custody status without reviewing documentation

21   submitted by Petitioner in support of his release, appears to have been based on an

22   inaccurate representation made by the undersigned counsel for Respondents, and is not

23   supported by the facts.  Respondents respectfully request that the Court not accept this

24   finding.

25       Instead, the A-File confirms that this documentation was not received by ICE

26   before the custody review, and was only received as an exhibit to Petitioner's August

27   2008 habeas petition, which was the last document included in Petitioner's A-file.  Thus,

28   ICE properly reviewed Petitioner's custody and determined that he should remain

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 4
(C07-01396-JLR-MAT)

1  detained because he posed a significant flight risk.  Most notably, Petitioner had been

2  granted release on bond in September 2000 (R41; L274-282), but had breached that bond

3  by failing to voluntarily depart when his Petition for Review was denied, and remained at

4  large illegally for nearly one year until the ICE fugitive operation team apprehended him

5  (L408-410; R56).  Thus, ICE's finding that Petitioner continues to pose a flight risk

6  (R69,162) was supported by the evidence, and Petitioner was not deprived due process in

7  his May 1, 2007 custody review.

8      **II.    A Bond Hearing is Not Constitutionally Required.**

9      Because the Magistrate Judge found that ICE failed to review documentation

10 submitted by Petitioner during its custody review, she found that Petitioner did not

11 receive a proper review of his eligibility for release on bond, and recommended that

12 Petitioner be given a bond hearing before an Immigration Judge (Dkt. #17, pg. 9).  But

13 the evidence does not support a finding that ICE failed to adhere to its custody procedures

14 and ignored documentation in support of release in this case.  Thus, a bond hearing is not

15 constitutionally required.  Rather, a new custody review, which considers all

16 documentation in support of release will provide Petitioner with adequate due process.

17 The case should be remanded to ICE to complete a new custody review and consider all

18 documentary evidence submitted in support of Petitioner's release.  See e.g. Thind v.

19 Chertoff, No. C07-0726-RSL, 2007 WL 4358328 (W.D.Wash, Dec. 11, 2007); Middleton

20 v. Clark, No. C06-1324-RSM, 2007 WL 1031725 (W.D.Wash, April 2, 2007); Jeronimo-

21 Pablo v. Clark, No. C06-1606-RSL, 2007 WL 1585012 (W.D.Wash, May 29, 2007);

22 Escalante-Calmo v. Clark, No. C06-1575-RSL, 2007 WL 1577868 (W.D.Wash, May 30,

23 2007).

24      In fact, ICE has already undertaken the process of completing a new custody

25 review.  See Exhibit A.  On March 12, 2008, Petitioner was given written notice that ICE

26 will be conducting a custody review on or about May 1, 2008.  Id.  Petitioner was also

27 advised that he can submit any supporting documentation prior to May 1, 2008.  Id.  Thus,

28 Petitioner has more than 45 days to submit documentation in support of his release.  ICE

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 5
(C07-01396-JLR-MAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    is also now in possession of the documentary evidence submitted as an exhibit to

2    Petitioner's habeas petition, and will consider this documentation along with any other

3    materials Petitioner submits prior to the review.  If Petitioner is dissatisfied with ICE's

4    custody determination, after a review of all supporting documentation, he may seek

5    review of the decision before the BIA pursuant to 8 C.F.R. § 1236.1(d)(3)(ii).

6        Thus, Petitioner will be afforded due process and a bond hearing is not

7    constitutionally required in this case.  Respondents respectfully request that the Court not

8    order a bond hearing before an Immigration Judge at this time, but rather allow ICE to

9    proceed with the custody review that is currently underway, and allow ICE the

10   opportunity to make an initial decision regarding Petitioner's custody, after a careful

11   review all of supporting documentation.

12       **III.    Petitioner is Lawfully Detained Under Section 241 not Section 231.**

13       Lastly, Respondents respectfully object to the Magistrate Judge's finding that

14   Petitioner is being detained pursuant to INA § 236, rather than INA § 241.  Until an

15   alien's order of removal becomes administratively final, detention is governed by INA §

16   236, 8 U.S.C. § 1226.  Thereafter, under INA § 241(a)(2), 8 U.S.C. § 1231(a)(2), the

17   Attorney General <u>must</u> detain an alien subject to a final order of removal during the 90-

18   day statutory "removal period."  This 90-day period begins on the latest of the following

19   events:

20            (i) The date the order of removal becomes administratively final.
             (ii) If the removal order is judicially reviewed and if a court
21           orders a stay of the removal of the alien, the date of the
             court's final order.
22           (iii) If the alien is detained or confined (except under immigration
             process), the date the alien is released from detention or
23           confinement.

24   INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B). [2]  Thus, pursuant to INA §241(a)(1)(B)(i),

25   the removal period begins to run with the agency's entry of a final order of removal

26   _____

27   [2]  The statute does not confer rights on an alien who is subject to an administratively final order of
     deportation.  Rather, it is a mandate to the Secretary to effectuate a removal within 90 days unless one of the
28   specified conditions occurs.  In the event one of the specified events occurs, the obligation to remove is
     temporarily suspended.  The obligation to detain is not.

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 6
(C07-01396-JLR-MAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   against the alien because this is the "latest" of the events that has occurred <u>at that time</u>.

2   <u>See also</u> INA § 242(b)(8), 8 U.S.C. § 1252(b)(8).

3      Under another provision in Section 241(a), however, the removal period "shall be

4   extended...if the alien acts to prevent [his] removal." INA § 241(a)(1)(C), 8 U.S.C.

5   § 1231(a)(1)(C) (emphasis added).  An alien's action in seeking and obtaining a judicial

6   stay is an act that "prevent[s]" the alien's removal and therefore, under the plain terms of

7   the statute, extends the removal period.  <u>See Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1052

8   n.4 (11th Cir. 2002) (stating that judicial stay interrupted removal period pursuant to

9   Section 241(a)(1)(C)); <u>Fahim v. Ashcroft</u>, 227 F. Supp.2d 1357 (N.D. Ga. 2002)

10  (following <u>Akinwale</u>).  During this extended removal period, ICE "may" continue to

11  detain the alien or release the alien in the exercise of discretion.  INA § 241(a)(1)(C), 8

12  U.S.C. § 1231(a)(1)(C) (providing that "the alien may remain in detention during such

13  extended period").  Once a court issues a final order and the stay is dissolved, the removal

14  period begins anew pursuant to INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii), and

15  ICE has ninety days to remove the alien, during which time the alien shall be detained.

16     The interpretation of Section 241 discussed above is supported both by the

17  statutory language itself, and by applicable case law.  In addition to the <u>Akinwale</u> and

18  <u>Fahim</u> cases cited above, the Eleventh Circuit has explicitly held that aliens held after an

19  order of removal becomes administratively final are held under Section 241.  <u>De La Teja</u>

20  <u>v. United States</u>, 321 F.3d 1357, 1363 (11th Cir. 2003).

21         Because a final order has been entered, De La Teja is no
           longer being detained pursuant to § 1226(c), which governs *only*
22         detention prior to a final removal order.  Instead, he is being detained
           now pursuant to a wholly different statute, INA § 241, 8 U.S.C. §
23         1231(a), which controls the detention and removal of an alien subject
           to a final order of removal.
24
25  <u>Id.</u>; see also <u>Kayrouz v. Ashcroft</u>, 261 F. Supp.2d 760 (E.D. Ky. 2003) (same).

    Judge Rothstein reached the same conclusion in <u>Glaissia v. Coleman, et al.</u>,
26
    Western District of Washington Case No. C02-1222R (March 11, 2003 Order Denying
27
    Petitioner's Motion for Reconsideration).  The petitioner in <u>Glaissia</u>, who was detained by
28

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 7
(C07-01396-JLR-MAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  ICE and had a Petition for Review pending before the Ninth Circuit, sought a bond

2  hearing from an Immigration Judge.  Id.  He argued that because his order of removal had

3  been stayed, the authority for his continued detention reverted back to Section 236.  Id. at

4  2.  Rejecting this argument, Judge Rothstein explained:

> The Court is, nonetheless, unpersuaded that Section 236 governs
> Glaissia's detention.  As set forth in its February 6 Order, an
> immigration judge's removal order becomes "final" upon "a
> determination by the [BIA] affirming such order" or the expiration of
> the period in which the alien is permitted to seek review of such
> order," whichever is earlier.  8 U.S.C. § 1101(a)(47)(B)(i)-(ii).  On
> October 23, 2002, the BIA affirmed Glaissia's removal, thereby
> making Glaissia subject to a "final" order of removal.
>
> In conclusion, the statutory scheme is, in the court's view
> clear that aliens, like Glaissia, subject to final removal orders are
> detained under INA § 241.

12  Id. at 3; see also Engles v. Coleman, W.D. Wash. Case No. C02-2450L-RSM (Feb. 18,

13  2003 Order, at  4) ("As respondents note, [the habeas] petitioner is now being held in

14  custody pursuant to INA § 241(a) pending execution of his removal order . . . . Thus, the

15  Court finds that petitioner is not entitled to release on bond during these habeas

16  proceedings, nor is he entitled to a bond hearing before an IJ.").

17      This result also is supported by the relevant statutory language itself, which shows

18  that an alien's detention is governed by Section 236 of the INA only until his order of

19  removal becomes administratively final.  The language in Section 236 specifically states

20  that, "an alien may be arrested and detained *pending a decision on whether the alien is to*

21  *be removed from the United States.*"  INA § 236(a), 8 U.S.C. § 1226(a) (emphasis

22  added).  Moreover, the language in the regulations governing detention under Section 236

23  comports with the Government's interpretation.  Indeed, by its text and title, 8 C.F.R. §

24  236.1, Subpart A, applies to the "Detention of Aliens *Prior to Order of Removal.*"  8

25  C.F.R. § 236.1, Subpart A (emphasis added).

26      Accordingly, under the INA, the removal period initially begins with the entry of

27  the final administrative order since, at the time of such order, it is unclear whether the

28  alien will seek judicial review of the order and obtain a judicial stay.  The removal period

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 8
(C07-01396-JLR-MAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    is extended upon the granting of a judicial stay. Subsequently, the removal period begins

2    anew after the "date of the court's final order" and dissolution of the stay. Thus, the

3    Attorney General's ability to detain an alien for a reasonable period of time both before

4    and after the entry of a judicial stay of removal in order to protect the public and to

5    facilitate enforcement of a final removal order is fully protected. At the same time,

6    however, the alien is not subject to "mandatory detention" because ICE "may" either

7    detain or release the alien in its discretion even if the removal period is extended beyond

8    the initial 90-day period pursuant to the appellate court's granting of a stay. In the instant

9    case, Petitioner's removal order became administratively final on April 22, 2003, the date

10   the BIA denied Petitioner's appeal of the IJ's order of removal (L403-405). At that time

11   he had a final order of removal that was not subject to judicial review because the PFR

12   had not yet been filed. Thus, pursuant to INA § 241(a)(1)(B), the date the order became

13   administratively final was the latest of the enumerated events in the statute to have

14   occurred at that time, and the removal period had therefore commenced. Under these

15   circumstances, it is clear that ICE is detaining Petitioner under Section 241 of the INA,

16   not Section 236.

17

18        DATED this 13th day of March, 2008

19

20                              Respectfully submitted,

21                              JEFFREY C. SULLIVAN
                                United States Attorney

22

23

24        /s/ Kristin B. Johnson
          KRISTIN B. JOHNSON, WSBA #28189
          Assistant United States Attorney

25        United States Attorney's Office
          700 Stewart Street, Suite 5220

26        Seattle, Washington  98101-1271
          Telephone: (206) 553-7970

27        Fax: (206) 553-4073
          E-mail: Kristin.B.Johnson@usdoj.gov

28

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 9
(C07-01396-JLR-MAT)

1    CERTIFICATE OF SERVICE

2        The undersigned hereby certifies that she is an employee in the Office of the

3    United States Attorney for the Western District of Washington and is a person of such age

4    and discretion as to be competent to serve papers;

5        It is further certified that on March 13, 2008, I electronically filed Respondent's

6    Objections to the Magistrate Judge's Report and Recommendation with the Clerk of the

7    Court using the CM/ECF system, which will send notification of such filing to the

8    following CM/ECF participant(s):

9        -0-

10        I further certify that on March 13, 2008, I mailed by United States Postal Service

11    Respondent's Objections to the Magistrate Judge's Report and Recommendations to the

12    following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

13        Mukesh Singh
         A73-218-766
14        Northwest Detention Center
         1623 East J Street, Suite 5
15        Tacoma, WA 98421

16        Dated this 13th day of March, 2008.

17
                                    /s/ Amy Hanson
18                                   AMY HANSON, Legal Assistant
                                    United States Attorney's Office
19                                   700 Stewart Street, Suite 5220
                                    Seattle, Washington 98101-1271
20                                   Phone: (206) 553-7970
                                    Fax:  (206) 553-4067
21                                   E-mail: amy.hanson@usdoj.gov

22

23

24

25

26

27

28

RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION - 10
(C07-01396-JLR-MAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# EXHIBIT COVER PAGE

# EXHIBIT 

U. S. District Court
In and For D. C.

Antolin Marks          07-1660 ESS
John P. Torres

Declaration of
Mukesh Singh.

I, Mukesh singh, here
declare that the following
is a true account of
the events that occured
which prove that ICe and
Geo at NWDC interfere
with the mail illegally.

1. On the date of 3/28/08 I make this Declaration from personal knowledge of the facts, and do so under penalty of perjury

2. On or about 3-16-08 I placed into an envelope an invoice to Money Magazine which bore the name of Antolin Marks- I sealed the envelope, per ICE policy, and I placed a stamp on the envelope and addressed it to my wife.

3. On 3-16-08 I presented the envelope for postage by placing it into the United States Mailbox.

4. On 3-28-08 I was notified by ICE and Ged employees that my letter had been opened by the warden, under agreement by ICE.

5. The policy states that the letters shall only be opened in the presence of the detainee.

6. Yet the letter was opened by ICE and GEO employees outside my presence.

7. On 3-28-08 I received attached memo after being questioned about the letter.

8. I was specifically questioned by ICE/GEO as to if I was mailing the invoice as a payment to Antolin Marles.

9. I categorically rejected that assertion and indicated that I did mail the item solely as a favor and that I also wanted to read the magazine when it arrived.

10  I testify that I feel harassed and threatened by Ice's actions because it means that my mail is not secure because Ice and Geo does not follow the Rules set by Policy

11  I further reiterate that I did not pay Antolin Marcos for any thing and I mailed this only because he asked me to do so to prove that Geo and Ice are interfering with the mail.

Submitted Under penalty of perjury, I subscribe that the foregoing is the truth

3 - 28 - 08

MUKESH SINGH

# MEMORANDUM



**The GEO Group, Inc.**

**Northwest Detention Center**
1623 East J Street
Tacoma, WA 98421

www.thegeogroupinc.com

Date:     March 27, 2008

To:       Record
cc:       Detainee File, Singh A73-218-766    (C-2)

From:     G. C. Wigen, Warden

RE:       SUSPICIOUS MAIL

The attached mail was referred to my attention by Ms. Nelson, Mail Room Clerk, for suspicion of contraband. Upon examination of the said mail, it appeared that contraband might be present. I opened the mail and discovered that it did contain contraband. This matter has been referred to Associate Warden Sadler for further investigation.

FROM # 7381876 6
MUKESH. SINGH
1625-EAST J.
ST. TACOMA
WA. 98401

TO:    MALIA - SINGH.
GREAT - India Cuisine
116. 4 TH AVE. WEST
OLY MPA   WA
98516

